IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **KING CEDRIC OMAR SNEAD,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:23CV00537 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **THE UNITED STATES OF AMERICA, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |
| | ) | |

*King Cedric Omar Snead, Pro Se Plaintiff.*

Plaintiff, proceeding pro se, identifies himself as King Cedric Omar Snead. He has filed a civil rights action using a form designed for an inmate filing a lawsuit under 42 U.S.C. § 1983. Snead did not prepay the filing costs for this lawsuit, so I construe his submissions as seeking permission to proceed in forma pauperis. After review of the Complaint, I conclude that the lawsuit must be summarily dismissed for failure to state a claim upon which relief could be granted.

Snead sues the United States, Virginia, and three cities in Virginia, seeking money damages for unspecified harms. The United States and the Commonwealth of Virginia cannot be sued in a § 1983 action, because they do not qualify as persons acting under color of state law. Moreover, the claims section of the

Complaint is nearly illegible.  It may be alleging that Snead was overmedicated by some person or persons on unspecified dates.  However, he fails to allege where, when, or who someone overmedicated him or how he was harmed.  Without any facts about what each defendant did that violated Snead's constitutional rights, his pleading fails to state any actionable claim under § 1983.  *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977.  Accordingly, I will summarily dismiss the action under § 1915(e)(2)(B) for failure to state a claim upon which relief could be granted.

    A separate Final Order will be entered herewith.

DATED:  August 18, 2023

/s/  JAMES P. JONES  
Senior United States District Judge